**DORIA MINING AND ENGINEERING CORPORATION, a corporation, Plaintiff,**

**v.**

**Rogers MORTON, Secretary of the Interior, et al., Defendants.**

**No. CV 75-899-FW.**

United States District Court, C. D. California.

Sept. 29, 1976.

Balaban, Berman, Selan & Schaeffer, by Michael P. Balaban, Beverly Hills, Cal., for plaintiff.

William D. Keller, U. S. Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Civ. Div. by Ernestine Tolin, Asst. U. S. Atty., Los Angeles, Cal., for Federal defendants.

Joseph A. Montoya, Robert L. Meyer, Hugh R. Williams by Robert Vidor and Ray M. Steele, Los Angeles, Cal., for defendant, The People of the State of Cal.

Reid, Babbage & Coil by David G. Moore, Riverside, Cal., for defendant Calnev Pipeline Co.

MEMORANDUM OF DECISION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

WHELAN, District Judge.

In this action Plaintiff appeals from the decision of the Interior Board of Land Appeals (hereinafter the Board) declaring Plaintiff's placer mine claims invalid. Jurisdiction is based upon 5 U.S.C. §§ 701–706.

Plaintiff asserts a possessory interest in eighteen unpatented placer mining claims located within the San Bernardino National Forest.

On or about September 26, 1968, the United States Forest Service duly issued a highway easement to the State of California, and pursuant thereto, the State of California, without obtaining permission from the Plaintiff, constructed a portion of State Highway 15 across a portion of said claims.

In January, 1961, and March 1970, the United States Forest Service duly issued Special Use Permits to Calnev Pipeline Company (hereinafter Calnev) and pursuant thereto, Calnev constructed pipelines across portions of the aforementioned mining claims without obtaining permission from Plaintiff.

The easement to the State and the Special Use Permits issued to Calnev were issued by the United States Forest Service subject to all existing valid claims on said United States Forest lands.

On or about December 30, 1970, Plaintiff filed suit in the Superior Court of San Bernardino County, California, Action No. 152480, against Calnev for trespass and inverse condemnation of said unpatented

claims. On January 5, 1971, Plaintiff filed a second suit in Superior Court for San Bernardino County, California, Action No. 152504, against The People of the State of California for trespass and inverse condemnation because of the highway construction over and across a portion of said claims.

Thereafter in July, 1972, Calnev and the State of California initiated private contest No. R–4873 under 43 C.F.R. 4–450–1 et seq., in the United States Department of the Interior claiming an interest adverse to Plaintiff in said lands. The Contest Complaint charged that the eighteen purported placer mining claims of Plaintiff were invalid for lack of discovery of a valuable mineral deposit within the limits of any of the claims. In January, 1973, the United States of America intervened in behalf of the United States Forest Service. Following a hearing in the United States Department of the Interior, Office of Hearings & Appeals, Hearings Division, the Administrative Law Judge declared each and all of said claims null and void. The contestees took a timely appeal to the Interior Board of Land Appeals which declared all eighteen claims null and void. Plaintiff is now appealing the decision of the Interior Board of Land Appeals.

An appeal from a decision of the Interior Board of Land Appeals does not entitle the Plaintiff to a trial de novo on the facts, but rather only to a determination that the Board's decision is supported by substantial evidence considering the record as a whole. *Multiple Use, Inc. v. Morton*, 504 F.2d 448 (9th Cir. 1974).

In examining the record before the Court, the evidence shows that the tests conducted by the government's expert, Mr. Austin Schroter, demonstrated the invalidity of the claims under either the marketability or the "prudent-man" test. *United States v. Coleman*, 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968).

The tests showed there were no valuable mineral deposits in the area of Plaintiff's claims and that the sand and gravel present in the area did not satisfy specifications required for commercial aggregate, or common variety minerals, as of July 23, 1955, the date of the Surface Use Act which withdrew common variety minerals from location under the mining laws. 30 U.S.C. § 611. Plaintiff is therefore limited to discoveries of noncommon or valuable minerals.

It appears that once the highway easement grant and Special Use Permits were made, they had the effect of withdrawing the areas covered thereby from mineral entries to the extent necessary for the Interstate highway and the pipeline, and precluded mineral entries incompatible therewith. See 1 *American Law of Mining* § 2.85.

A mining claimant on withdrawn land must show discovery of a valuable mineral deposit before the withdrawal, since the right to prospect for minerals ceases on the date of withdrawal. *United States v. Pulliam*, 1 IBLA 143 (1970); see *Lockhart v. Johnson*, 181 U.S. 516, 520, 21 S.Ct. 665, 45 L.Ed. 979 (1901).

The mining claims involved herein remained open to subsequent valuable mineral location subject however to the grants of right of way and the Special Use Permits to the State of California and Calnev.

With regard to Plaintiff's discovery of noncommon variety minerals, it appears from the testimony of Plaintiff's own witnesses that its examination and testing of materials for feldspathic sand (which the board assumed to be noncommon variety) was preliminary and exploratory suggesting prospecting and not development which is required to meet the "prudent-man" test. *Barton v. Morton*, 498 F.2d 288 (9th Cir. 1974).

A valid claim requires more of an evidentiary showing than finding that further exploration might be warranted. *Multiple Use, Inc. v. Morton, supra.*

"If mining claimants have held claims for several years and have attempted little or no development or operations, a presumption is raised that the claimants have failed to discover valuable mineral deposits or

that the market value of discovered minerals was not sufficient to justify the costs of extraction." *United States v. Zweifel*, 508 F.2d 1150, 1156 (10th Cir. 1975).

Plaintiff also alleges procedural errors which it claims resulted in a denial of due process. The alleged errors involve the government's intervention in the proceeding initiated by the State of California and Calnev.

Plaintiff contends that 43 C.F.R. § 4.451–1 only permits the United States to initiate proceedings, not to intervene in pending proceedings. While there is no case on point regarding intervention of the United States, intervention by the Bureau of Land Management seems clearly contemplated. It is provided in 43 C.F.R. § 4.452–5 that "the contestant will then present his case following which the other parties (and in private contests the bureau, if it intervenes) will present their cases." It appears by analogy that the United States should have the authority to intervene herein.

Plaintiff also alleges that the notice it received was insufficient under 43 C.F.R. § 4.451–1. However, the Court finds the notice was sufficient to apprise Plaintiff that the United States was adopting the private contestants' claims.

Plaintiff asserts that the intervention of the United States shifted the burden of proof to the Plaintiff, and that this was improper. It should be noted, however, that in the decision of Administrative Law Judge Holt there is no ruling on the burden of proof. Moreover, the board in its review of Judge Holt's decision stated that "regardless of which party the Judge placed the burden of proof upon, the evidence presented by the private contestants clearly established the invalidity of the subject mining claims." 17 IBLA 389.

Plaintiff's last claim of procedural error, that it should have been notified prior to the hearing that the burden of proof had shifted, also appears to be without merit in view of the number of witnesses it introduced. Plaintiff seemed fully prepared to assume the burden of proof.

Based on the foregoing, the Court finds that Plaintiff had a full hearing and an ample opportunity to present evidence, and that there was no denial of due process. Furthermore, it appears that the decision of the Board was supported by substantial evidence.

The foregoing constitutes the summary of undisputed material facts and conclusions of law of the Court. No judgment shall be entered until the Court has signed its formal judgment.