**G. Patrick MORRIS et al., Appellees,**

v.

**Cecil D. ANDRUS, Secretary of the Interior of the U. S. A., Appellant.**

**G. Patrick MORRIS et al., Appellants,**

v.

**Cecil D. ANDRUS, Secretary of the Interior of the U. S. A., Appellee.**

**Nos. 77–1914, 77–1948.**

United States Court of Appeals, Ninth Circuit.

Nov. 16, 1978.

As Amended on Denial of Rehearing and Rehearing En Banc April 9, 1979.

George R. Hyde (argued), Dept. of Justice, Washington, D. C., for appellant.

W. F. Ringert (argued), of Anderson, Kaufman, Anderson & Ringert, Boise, Idaho, for appellees.

Before VAN DUSEN *, WRIGHT and GOODWIN, Circuit Judges.

GOODWIN, Circuit Judge:

The appeal and cross-appeal in this case arise out of the Secretary of Interior's decision to cancel twelve desert-land entries upon government land in Idaho following administrative proceedings under 43 U.S.C. § 329.[1]

In early 1963, twelve individuals filed declarations under 43 U.S.C. § 321 et seq. upon contiguous 320-acre parcels of desert land. The twelve entrymen concurrently made lease and contract commitments to Sailor Creek Water Co., their source of financing, under which Sailor Creek would advance the capital necessary to bring water to some 3,789.62 acres of undeveloped land. Sailor Creek advanced the money as loans to the entrymen, who in turn agreed to pay for irrigation water and gave their individual mortgages to secure the future contract payments. Eleven of the entrymen also leased their entries to Morris, the twelfth entryman, who in turn subsequently caused the twelve entries to be leased to Sailor Creek. Sailor Creek thereby became both the mortgagee of the anticipated title and the lessee of the possessory interests in the several tracts of land.

---

* The Honorable Francis L. Van Dusen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. 43 U.S.C. § 329 (as amended):

"* * * [B]ut no person or association of persons shall hold by assignment or otherwise prior to the issue of patent, more than three hundred and twenty acres of such arid or desert lands, * * * *Provided, however,* That additional proofs may be required at any time within the period prescribed by law, and that the claims or entries made under sections 321 to 323, 325 and 327 to 329 of this title shall be subject to contest, as provided by the law, relating to homestead cases, for illegal inception, abandonment, or failure to comply with the requirements of law, and upon satisfactory proof thereof shall be canceled, and the lands, and moneys paid therefor, shall be forfeited to the United States."

The effect of the leases and mortgages and other related contracts was clearly a violation of 43 U.S.C. § 324:

"No assignment after March 28, 1908, of an entry made under sections 321 to 323, 325 and 327 to 329 of this title shall be allowed or recognized, except it be to an individual who is shown to be qualified to make entry under said sections of the land covered by the assigned entry, and such assignments may include all or part of an entry; but no assignment to or for the benefit of any corporation or association shall be authorized or recognized * * *."

The Department of Interior challenged the entries after development work had been completed. The administrative law judge held generally in favor of the entrymen. The Interior Board of Land Appeals reversed the administrative law judge and held that because the entries and subsequent arrangements violated § 324, the entries were subject to cancellation under § 329. This action was filed by the entrymen to compel the issuance of the patents.

The district court gave both parties partial relief. The court ordered the Secretary to issue the contested patents upon proof that Sailor Creek had divested itself of all impermissible interests in the entries. Both parties appeal.

▪ The government claims both the power and duty to cancel the entries; and the entrymen claim that their interests had vested and could not be canceled.

The entrymen are wrong. The statute states that "no person or association of persons shall hold by assignment or otherwise prior to the issue of patent, more than" 320 acres of land, and provides for contesting and cancellation. 43 U.S.C. § 329.

The government's point is more complicated. The government relies both upon the plain language of the statutes and relevant court decisions. See, e. g., Reed v. Morton, 480 F.2d 634 (9th Cir.), cert. denied, 414 U.S. 1064, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973).

The government also relies upon the trial court's specific finding, which is undeniably correct, that the Sailor Creek scheme constituted an assignment within the meaning of § 324, and that the consolidated interests amassed under the contracts and leases constituted a "holding" in excess of 320 acres, in violation of § 329.

Even though the facts in the case at bar are far less egregious than were the secret engagements and understandings in Reed v. Morton, supra, the facts as found by the administrative law judge and by the district court clearly permitted the Secretary to cancel the entries. The IBLA was consistent with its earlier decision in Ollie Mae Shearman, 73 Interior Dec. 386, 427 (1966), when it rejected arguments virtually parallel to those offered by the entrymen here.

Where it not for the equitable arguments offered in the trial court and renewed here, the trial court undoubtedly would have recognized its limited scope of judicial review and concluded the case upon finding that §§ 324 and 329 had been violated.

This court has noted that the scope of review permitted the federal courts is limited by the Administrative Procedure Act, 5 U.S.C. § 706:

"* * * The district court and this Court are entitled only to determine if the Secretary's decision is arbitrary or capricious or unsupportable by substantial evidence, considering the record as a whole. * * *

"* * * The courts may not substitute their judgment for that of the administrative agency's expertise in the field * * *." Multiple Use, Inc. v. Morton, 504 F.2d 448, 452 (9th Cir. 1974) (citations omitted).

The district court correctly noted that courts "give great weight to any reasonable construction of a regulatory statute adopted by the agency charged with the enforcement of that statute," (quoting Investment Co. Institute v. Camp, 401 U.S. 617, 626–27, 91 S.Ct. 1091, 1097, 28 L.Ed.2d 367 (1971)), and found that the Secretary's cancellation of the entries was statutorily authorized.

It nonetheless held that cancellation of the entries some two years after the irrigation works had been constructed was an abuse of discretion. Despite the mandatory language of § 329, the district court felt that cancellation would be "egregiously harsh under the circumstances of this case," and held the government to be estopped from enforcing its statutory interpretation.

██ Estoppel may be applied against the government, even when it acts in its sovereign—rather than a merely proprietary—capacity. *United States v. Wharton,* 514 F.2d 406, 410 (9th Cir. 1975). It "is available as a defense against the government if the government's wrongful conduct threatens to work a serious injustice and if the public's interest would not be unduly damaged by the imposition of estoppel." *United States v. Lazy FC Ranch,* 481 F.2d 985, 989 (9th Cir. 1973). *See also, United States v. Wharton,* 514 F.2d at 411.

This Court has stated:

\*     \*     \*     \*     \*     \*

"(1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *United States v. Wharton,* 514 F.2d at 412, *quoting with approval United States v. Georgia-Pacific Co.,* 421 F.2d 92, 96 (9th Cir. 1970).

However, the IBLA specifically found that:

" \* \* \* The Government was not informed of the terms of the lease agreement until after it made a specific request for the information. (*See, e. g.,* Ex. G–2 Doc. 33). The lease had, in fact, been entered into the previous year, and had already been subleased for a one year term to Sailor Creek Water Company. Having failed to inform the Government of the totality of their arrangements, appellees cannot be heard to argue that the Government's failure to warn them of

their illegality supports the invocation of estoppel." *G. Patrick Morris,* 82 Interior Dec. 146, 159 (1975).

Clearly, the first criterion for estoppel has not been met. In its opinion, the district court states that the administrative law judge "found that initially the Bureau was aware that entrymen intended to lease their entries to a single farming entity."

This reference back to the administrative law judge's findings unfortunately ignored the contrary decision of the IBLA, upon which the Secretary acted.

" \* \* \* [I]n the last analysis it is the agency's function, not the Examiner's, to make the findings of fact and select the ultimate decision, and where there is substantial evidence supporting each result it is the agency's choice that governs \* \*." *Greater Boston Television Corp. v. F. C. C.,* [143 U.S.App.D.C. 383, 395] 444 F.2d 841, 853 (D.C. Cir.1970), *cert. denied,* 403 U.S. 923 [91 S.Ct. 2229, 29 L.Ed.2d 701] (1971).

"When an agency has authority to substitute judgment for that of a hearing officer, as federal agencies commonly do, the normal system is that the court review the findings and decision of the hearing officer. The Tenth Circuit may have violated the usual system when it directed 'the Secretary to adopt the findings and order of the Hearing Examiner and to vacate that of the Board of Land Appeals.' *Diamond Ring Ranch, Inc. v. Morton,* 531 F.2d 1397, 1407 (10th Cir. 1976)." Davis, Administrative Law of the Seventies (Com.Supp.1977) 111.

The court in *Diamond Ring Ranch* found the hearing examiner's finding and order to be "reasonable and much more in keeping with the underlying facts than was that of the IBLA." *Diamond Ring Ranch, Inc. v. Morton,* 531 F.2d 1397, 1407 (10th Cir. 1976). No comparable finding was made by the district court in this case. Since the IBLA has all the powers on appeal of the initial decision which it would have had in making the initial decision itself, 5 U.S.C. § 557(b), its findings—and not those of the administrative law judge—were entitled to recogni-

tion in the district court. The equities operating in favor of the entrymen could not be used to invoke estoppel against the government because the first of the four requisites for estoppel—knowledge—was not satisfied.

Had the knowledge requirement been met, the entrymen's argument that the Department of Interior violated 5 U.S.C. § 552 by not publishing regulations embodying its interpretation of 43 U.S.C. § 329 might have taken on significance. *Cf. Morton v. Ruiz,* 415 U.S. 199, 94 S.Ct. 1055, 39 L.Ed.2d 270 (1974). The analysis of equitable estoppel breaks down, however, with the finding that the government did not know of the assignments until it requested the information that revealed them.

We conclude that the district court exceeded its powers when it ordered the Department of the Interior to issue patents to the entrymen, upon divestiture by Sailor Creek of the desert-land entries assigned to the corporation.

Having determined that cancellation of the entries was statutorily justified, the district court had no legal basis for ordering the Secretary to issue patents. In an understandable attempt to do equity, the district court judge overlooked a basic administrative law policy.

"* * * [W]hen a reviewing court concludes that an agency invested with broad discretion to fashion remedies has apparently abused that discretion by omitting a remedy justified in the court's view by the factual circumstances, remand to the agency for reconsideration, and not enlargement of the agency order, is ordinarily the reviewing court's proper course * * *." *N.L.R.B. v. Food Store Employees Union,* 417 U.S. 1, 10, 94 S.Ct. 2074, 2080, 40 L.Ed.2d 612 (1974).

Remand was not warranted in this case, however, because the absence of true grounds for estoppel left the court no choice under the statutes and case law but to affirm the Secretary's decision, thus denying relief to the entrymen.

Reversed.