**Dan S. RUSSELL, Plaintiff,**

v.

**R. Max PETERSON et al., Defendants.**

**Civ. No. 79–949.**

United States District Court,
D. Oregon.

June 23, 1980.

---

Thomas F. Young, Silven, Young & Schmeits, Baker, Or., Edwin F. Alden, Kennewick, Wash., for plaintiff.

Thomas C. Lee, Asst. U. S. Atty., Portland, Or., for defendants.

FRYE, District Judge.

Dan S. Russell (plaintiff) has appealed from a decision of the Interior Board of Land Appeals (IBLA)[1] affirming the decision of the Administrative Law Judge declaring his Klondike Nos. 1–7 mining claims null and void for lack of discovery of a valuable mineral deposit. Both plaintiff and defendant have moved for summary judgment.

■ The scope of review is limited to determining if the Secretary's decision is arbitrary or capricious or unsupported by substantial evidence. *Multiple Use, Inc. v. Morton*, 504 F.2d 448, 452 (9th Cir. 1974). The facts are not subject to trial *de novo* and this court may not substitute its judgment for that of the administrative agency. *Id.*

■ When the government contests a mining claim, it bears the initial burden of presenting a *prima facie* case that a claim is invalid for lack of discovery. The burden then shifts to the claimant to show by a preponderance of the evidence that a discovery of a valuable mineral deposit has been made. *United States v. Springer*, 491 F.2d 239, 242 (9th Cir. 1974).

■ Testimony by a government mineral examiner that he or she has examined the claim and found no evidence of a valuable

1. 40 IBLA 309 (1979)

mineral deposit is sufficient to establish a *prima facie* case. *United States v. Heard*, 18 IBLA 43 (1974); *United States v. Taylor*, 8 IBLA 364 (1972).

The Administrative Law Judge held that the government had presented a *prima facie* case of no discovery of a valuable mineral deposit on the contested claims. Plaintiff contends that the government could not have established the requisite *prima facie* showing because its examiners did not sample the locations relied upon as discovery points by plaintiff.

This contention has no merit. There is substantial evidence in the record to support a finding that samples were taken from current workings of the mining claims. The government's examiners were not obligated to do more in attempting to verify plaintiff's claimed discovery. *United States v. Whitenack*, 1 IBLA 156 (1970). Furthermore, when a mining claimant charges the government with failure to examine a particular working, it is incumbent upon the claimant to produce evidence that mineralization of significant value has been exposed at that location. *Id*. The record supports the conclusion that plaintiff failed to make such a showing.

A mining claim is valid if a valuable mineral deposit is discovered on it. A discovery exists when minerals have been found to the extent that "a person of ordinary prudence would be justified in the further expenditure of his labor and means, with a reasonable prospect of success, in developing a valuable mine . . . ." *United States v. Coleman*, 390 U.S. 559, 602, 88 S.Ct. 1327, 1330, 20 L.Ed.2d 170 (1968). This test, the prudent man rule, has been refined to require a showing that the mineral in question can be extracted, removed, and marketed at a profit. *Id*. This marketability test applies to all mining claims. *Converse v. Udall*, 399 F.2d 616, 621 (9th Cir. 1968).

The Administrative Law Judge held that plaintiff did not rebut the government's case by establishing by a preponderance of the evidence that he had made a discovery sufficient to satisfy these tests. The IBLA affirmed the administrative decision.

This court has reviewed the entire administrative record and the briefs and arguments of counsel and finds that there is substantial evidence in the record to support the findings of the IBLA. This court also finds that: (1) the IBLA properly applied the correct legal standards for determining whether a "discovery," as required by the statutes, regulations, and cases has been made; (2) the government's mineral examiners were qualified to render opinions regarding the existence of a sufficient discovery; (3) plaintiff was given a fair hearing; and (4) the determination that plaintiff had not shown by a preponderance of the evidence that a valuable discovery was made on the disputed claims was neither arbitrary nor capricious.

The defendant's motion for summary judgment is granted. Plaintiff's motion for summary judgment is denied.