**UNITED STATES**

v.

**Ronald Louis MOUNSEY, 103 40 0445, Seaman Apprentice (E–2), U. S. Navy.**

**NCM 80 0426.**

U. S. Navy Court of Military Review.

Sentence Adjudged 27 Nov. 1979.

Decided 27 March 1981.

LCDR P. B. Haskel, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before BAUM, PRICE and EDWARDS, JJ.

EDWARDS, Judge:

Appellant was tried by a general court-martial, military judge sitting alone, on a charge of desertion in violation of Article 85, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 885. Upon his plea to the lesser included offense of unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886 appellant was found guilty and sentenced to a bad-conduct discharge, confinement at hard labor for 9 months, forfeiture of all pay and allowances, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged but suspended confinement in excess of 3 months.

Appellant has assigned three errors. We will not address Assignments of Error I and III unless the case comes before us again as the result of our disposition of Assignment of Error II, which asserts:

THE STAFF JUDGE ADVOCATE WHO PREPARED THE POST TRIAL REVIEW WAS DISQUALIFIED

A. BECAUSE HIS PRETRIAL ADVICE MISSTATED THE LAW MATERIAL TO THE CONVENING AUTHORITY'S RESOLUTION OF THE CHARGES;

B. BECAUSE THE MILITARY JUDGE RULED THAT HE WOULD BE DISQUALIFIED.

The staff judge advocate did not inform the convening authority in the original pretrial advice that among the options available to the convening authority was the referral of a lesser included offense of desertion to a forum other than a general court-martial for adjudication. In response to a defense motion at trial, the military judge ordered a supplemental pretrial advice. In the new supplemental advice the staff judge advocate clearly misstated the pertinent law as well as the rationale behind his recommendation that the convening authority adhere to his original decision. Once again the defense objected to the staff judge advocate's criterion for the selection of a trial forum. The military judge ruled that the challenged portion was "clearly inappropriate"; he then held that the staff judge advocate transcended the parameters of his Article 34, UCMJ, 10 U.S.C. § 834, duties to such an extent that the staff judge advocate was disqualified from acting further in the case. The judge thereupon ordered a second supplemental Article 34 advice letter prepared by a judge advocate not associated with the convening authority's staff judge advocate's office. The order was followed; the convening authority, however, maintained his previous decision regarding referral to a general court-martial.

The defense originally had asked for a new pretrial advice. They got such advice and then made a motion to dismiss. This motion was denied, but the military judge provided appropriate relief in the form of the second supplemental advice prepared by someone outside the convening authority's staff judge advocate's office. The military judge found that the advice letter as supplemented was adequate and that the case properly was referred to trial.

Sandwiched in the middle of this motion practice was the denial of a motion to dismiss for violation of Article 37, UCMJ, 10 U.S.C. § 837. The root cause for this motion was the original supplemental advice of

the staff judge advocate, Commander R. L. Wilkins, JAGC, USN, which improperly advised the convening authority that the Chief of Naval Operations "does not appreciate being tasked" with court-martial review duties, which he would have to do if the convening authority did other than adhere to his original decision to refer the case to a general court-martial.

After trial, the staff judge advocate who wrote the original supplemental advice proceeded to review the case for the convening authority; this review included advice on the Article 37 motion, notwithstanding the military judge's finding that the staff judge advocate's previous action disqualified him from acting further in the case. The staff judge advocate opined that he was not disqualified from further action, having articulated the standard for disqualification of a staff judge advocate to be "insatiable prosecutorial lust." We reject this standard outright; this rejection, however, does not end our inquiry.

The military judge at trial was attempting to carry out his trial duties in accordance with the teachings of *United States v. Collins*, 6 M.J. 256 (CMA 1979). It is apparent from the record that the military judge felt that the staff judge advocate was disqualified from preparing the post-trial advice. Criteria for disqualification of a staff judge advocate from participating in the post-trial review are prior disqualifying participation as set out in Article 6(c), UCMJ, 10 U.S.C. § 806(c); preparation of a pretrial advice that is not correct in all material aspects, both of fact and law, *United States v. Collins, supra*; and conduct which "may be so antithetical to the integrity of the military justice system as to disqualify him from participation," *United*

*States v. Engle*, 1 M.J. 387, 389 (CMA 1976). In making special findings[1] the military judge should have provided those facts which he utilized in arriving at his conclusionary statement of disqualification[2] which showed that the staff judge advocate had misstated a material fact, omitted a fact, arrived at an erroneous factual conclusion, or made misstatements of law material to the convening authority's conclusion. In doing so the judge would have provided the staff judge advocate or reviewing authority with meaningful facts upon which to base a determination of disqualification.

The problem with the military judge's statement of disqualification of the staff judge advocate is that in its language it extends beyond the necessity for disqualification of the staff judge advocate. The staff judge advocate who had drafted the faulty supplemental Article 34 advice was not required to review his original faulty pretrial advice when preparing his post-trial advice. This issue had been mooted by the military judge's grant of appropriate relief. The relief sought was awarded, and was accomplished by the subsequent pretrial advice of another person acting as staff judge advocate for the convening authority; the convening authority's conscious effort not to be influenced by the faulty advice is evidenced by remarks he made on the subsequent pretrial advice when referring the case to trial.[3] Therefore, without an existing necessity to review his work on the pretrial advice there was no *per se* disqualification of the original supplemental advice staff judge advocate from conducting the post-trial review. We are thus constrained to reject the military judge's reading of *United States v. Collins, supra*, that he had the authority in this case to disqualify the staff judge advocate from conducting a

---

1. *United States. v. Collins, supra* at 258 n.3.

2. "The court hereby orders that the convening authority be advised that his Staff Judge Advocate's remarks noted above were improper and that this was not information that should have been considered by the convening authority in reaching his decision. This court feels that the action of the Staff Judge Advocate in this case so far transcends the parameters of his Article

34 duties, that he has become disqualified from acting further on this case." (R. 29).

3. "Paragraph 5 [opinion of Staff Judge Advocate concerning advisability of trial by general court-martial] accurately expresses my view. No extraneous considerations were involved in my decision." *See* Staff Judge Advocate's advice letter dated 23 November 1979.

post-trial review. The judge's role is to make findings of fact, for an alleged pretrial deficiency may be immaterial, as here, or a material deficiency might not be prejudicial.[4]

[redacted] Upon further review we do not see in the record any matter which would cause disqualification under Article 6(c), UCMJ. As to conduct which might be antithetical to the integrity of the military justice system, standing alone the staff judge advocate's advice calling upon the convening authority to utilize improper matters in his determination of the proper forum would not necessarily require his disqualification. The advice, however, does not stand alone; it is here combined with highly erroneous advice that the standard for disqualification of the author attorney was "insatiable prosecutorial lust," a standard so far removed from existing law to be ludicrous. A staff judge advocate's primary function when advising a convening or supervisory authority is to clarify the law as well as the facts of a particular case. *See United States v. Powis,* 8 M.J. 809 (NCMR 1980). Only when the reviewing authority is properly advised can he perform an informed and legally acceptable review of the case, which of necessity includes a review of the advice, past and present, given him by his staff attorney. In this case, as we have said, there was no need for post-trial discussion of the Article 37 motion, given the remedy fashioned and appellant's subsequent plea of guilty. *See United States v. Packer,* 8 M.J. 785 (NCMR 1980). The motion was discussed, however, and as part of his discussion the staff judge advocate compounded his error by giving the convening authority more bad advice. This misadvice thereby coupled two highly improper standards, crippling the convening authority's ability to accomplish a complete and proper review of the case as a whole. It is at this point, then, that the staff judge advocate's activity reached in this case such a level as to be "antithetical to the military justice system." To maintain the integrity of the system, which requires laymen to review the legal matters concerned, and to protect the interests of the service member involved, we demand more accurate advice than that given here.

Accordingly, the convening authority's action is set aside and the case is returned to the Judge Advocate General of the Navy in order that a new post-trial review can be prepared by another staff judge advocate for submission to the convening authority, for another action.

Senior Judge BAUM and Judge PRICE concur.