**Gerald L. ARMSTRONG, Plaintiff,**

v.

**UNITED STATES of America, United States Air Force Academy Hospital, and Don H. Bodley, Defendants.**

**Civ. A. No. 79–K–1372.**

United States District Court,
D. Colorado.

June 26, 1981.

Walter L. Gerash, Scott H. Robinson, Wallace D. Prugh, Gerash & Robinson, Denver, Colo., for plaintiff.

Richard A. Jost, Asst. U. S. Atty., Denver, Colo., for defendants.

### ORDER

KANE, District Judge.

This is an action for administrative abuse and equitable estoppel under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671–2680 and § 1346. It is before me on defendant's motion to dismiss plaintiff's second amended complaint. Plaintiff's original complaint alleged negligence and carelessness on the part of defendants in their treatment of plaintiff's knee while he was a student at the United States Air Force Academy. The government, pursuant to order of this court to admit or deny, finally admitted that plaintiff at the time of his injury was on active duty with the Air Force. This admission brought the claim within the *Feres* doctrine which exempts the government from liability under the FTCA for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service. *Feres v. United States*, 340 U.S. 135, 146, 71 S.Ct. 153, 159, 95 L.Ed. 152 (1950).

Plaintiff subsequently amended his complaint to state a claim for administrative abuse and equitable estoppel. In support of this claim, plaintiff alleges that he is now in the process of filing a claim for veterans benefits. However, 38 U.S.C. § 3010(a) provides that where the date of application is more than one year following discharge, compensation will be awarded only from the date of application. Plaintiff did not file for these benefits until the United States finally admitted that plaintiff was on active duty when he was injured and treated. Prior to this time plaintiff was repeatedly told that he was not considered to be on active duty and therefore was ineligible for benefits. Thus plaintiff will not be compensated for the time between his discharge and his application for benefits unless he is successful in this lawsuit. Plaintiff contends that the repeated statements by agents of the Air Force, Veterans Administration, and the United States Government amount to the systematic denial of benefits and administrative abuse. Consequently, the government should be estopped from refusing to compensate him from the time of his discharge and he should be awarded damages for their wrongful conduct. Defendants have moved to dismiss on the ground that recovery is precluded by the FTCA, 28 U.S.C. § 2680(h).[1] For the reasons that follow, defendant's motion to dismiss is denied.

It is clear that the FTCA is not applicable to this action, *see, Feres v. United States,*

---

1. 28 U.S.C. § 2680 provides:

   The provisions of this chapter and § 1346 of this title shall not apply to:

   (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights. . . .

340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, and therefore recovery is not precluded on this ground. Plaintiff avers that jurisdiction is predicated on the FTCA, but this is incorrect. Jurisdiction should be grounded on 28 U.S.C. § 1346 which provides for civil actions against officers and agencies of the United States where the claim is for less than $10,000. If it is more then plaintiff must file in the Court of Claims. Plaintiff is granted leave to amend the complaint to reflect such.

■ Although the government is not generally subject to the equitable defense of estoppel, the avoidance is not absolute. *United States v. Ruby Co.*, 588 F.2d 697, 701–2 (9th Cir. 1978). The Supreme Court has not decided what type of conduct by a government employee will estop the government from insisting upon compliance with valid regulations governing the distribution of benefits. *Schweiker v. Hansen*, —— U.S. ——, 101 S.Ct. 1468, 67 L.Ed.2d 685 (1981).[2] In *Moser v. United States*, 341 U.S. 41, 71 S.Ct. 553, 95 L.Ed. 729 (1951), a Swiss national was mislead by the State Department about whether he could claim an exemption from military service, pursuant to a treaty, without jeopardizing his rights to U.S. citizenship. The Supreme Court noted that the government had created misleading circumstances upon which Moser justifiably relied and as a result was technically debarred from citizenship. While this decision was not framed in words of estoppel, on these facts the court refused to allow the government to deny Moser citizenship. In *Montana v. Kennedy*, 366 U.S. 308, 314–15, 81 S.Ct. 1336, 1340–41, 6 L.Ed.2d 313 (1961) the court left open the question of whether the government may be estopped on the basis of affirmative misconduct, while in *Immigration & Naturali-*

*zation Service v. Hibi*, 414 U.S. 5, 94 S.Ct. 19, 38 L.Ed.2d 7 (1973) the court found there was no affirmative misconduct and thus no estoppel. Although the Supreme Court has not decided this specific issue, it can be inferred from its decisions that affirmative misconduct on the part of government agents may subject the government to the defense of estoppel. Lower courts have addressed this issue and have generally concluded that in some circumstances estoppel may be available against the government.

■ Although estoppel is rarely a proper defense against the government, there are instances where it would be unconscionable to allow the government to reverse an earlier position. *United States v. Lucienne D'Hotelle*, 558 F.2d 37 (1st Cir. 1977). It is available as a defense if government conduct threatens to work serious injustice and if the public's interest would not be unduly damaged by its imposition. *Morris v. Andrus*, 593 F.2d 851 (9th Cir. 1978), *cert. denied, Morris v. United States*, 444 U.S. 863, 100 S.Ct. 133, 62 L.Ed.2d 86 (1979); *L'Enfant Plaza v. D.C. Redevelopment*, 564 F.2d 515 (D.D.C.1977); *C.F. Lytle Co. v. Clark*, 491 F.2d 834 (10th Cir. 1974); *United States v. Lazy F.C. Ranch*, 481 F.2d 985 (9th Cir. 1973).

■ The government is immune from estoppel only where the acts of its agents are erroneous, illegal, or unauthorized. *Oil Shale Corp. v. Morton*, 370 F.Supp. 108, 125 (D.Colo.1973), and the general rule is that estoppel cannot be set against the government on the basis of unauthorized representation or acts of an officer or employee who is without authority in his individual capacity to bind the government. *Abbott v. Harris*, 610 F.2d 563, 564 (8th Cir. 1979), *Atlan-*

---

**2.** In *Schweiker*, a per curiam decision summarily reversing the court of appeals, plaintiff orally inquired of the Social Security Administration whether she was eligible for benefits. One employee erroneously told her she was not. The court found that the employee's conduct, which was less than affirmative misconduct, did not justify abnegation of the duty of the federal courts to observe the conditions defined by congress for charging the public treasury.

*Id.,* —— U.S. at ——, 101 S.Ct. at 1471, 67 L.Ed.2d at 689–90. However, the court still did not decide what type of conduct will justify estoppel and appeared to limit the decision to the facts before it. Since plaintiff in the instant case alleges affirmative misconduct on the part of defendants and is applying for different benefits which are based upon significantly different congressional policies, *Schweiker* is not controlling.

*tic Richfield Co. v. Hickel*, 432 F.2d 587, 591 (10th Cir. 1970). When a government agent acts within his authority, the government can be estopped by his actions. *Molton, Allen, & Williams Inc. v. Harris*, 613 F.2d 1176, 1179 (D.D.C.1980); *United States v. Wharton*, 514 F.2d 406 (9th Cir. 1975); *United States v. Lazy F.C. Ranch*, 481 F.2d 985; *Oil Shale Corp. v. Morton*, 370 F.Supp. 108, 125 (D.Colo.1973). However there also must be proof of affirmative misconduct on the part of the government. *Oki v. Immigration & Naturalization Service*, 598 F.2d 1160, 1162 (9th Cir. 1979); *Yang v. Immigration & Naturalization Service*, 574 F.2d 171, 175 (3d Cir. 1978). Estoppel may be applied against the government, even when it acts in its sovereign, rather than a merely proprietary, capacity. *Morris v. Andrus*, 593 F.2d 851 (9th Cir. 1978); *California Pacific Bank v. SBA*, 557 F.2d 218 (9th Cir. 1977); *United States v. Wharton*, 514 F.2d 406 (9 Cir. 1975).

The elements of estoppel are succinctly delineated in *United States v. Ruby Co.*, 588 F.2d at 703 as:

1) The party to be estopped must know the facts;

2) He must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended;

3) The latter must be ignorant of the true facts; and

4) He must rely on the former's conduct to his injury. . . .

[t]he elements must [also] be read as requiring an affirmative misrepresentation or affirmative concealment of a material fact by the government.

In the instant case allegedly defendants repeatedly and systematically misled plaintiff about his active duty status. Since defendants finally admitted that plaintiff was on active duty it is certainly open to question when they discovered this and whether they actively misled him. Plaintiff relied on defendants' conduct to his detriment. Thus, all of the factors for estoppel are arguably present in the amended complaint and plaintiff has stated a cause of action sufficient to survive dismissal.

I am mindful of the duty of federal courts to observe the conditions defined by congress for charging the public treasury, and where a party not otherwise entitled to a statutory benefit seeks to invoke the estoppel doctrine courts tread lightly for fear of breaching this duty. *Gressley v. Califano*, 609 F.2d 1265, 1267 (7th Cir. 1979). However some forms of erroneous advice are so closely connected to the basic fairness of the administrative decision making process that the government may be estopped from disavowing the misstatement. *United States v. Wharton*, 514 F.2d at 412, n.6. Administrative regularity must sometimes yield to basic notions of fairness. Therefore, plaintiff may make application to the Veterans Administration for retroactive benefits and I will retain jurisdiction of this action in order to determine if the government's conduct warrants the defense of estoppel. Accordingly, it is

ORDERED that defendant's motion to dismiss is denied. It is further

ORDERED that plaintiff is granted ten (10) days leave to amend his complaint to conform with the views expressed in this order. Defendants shall answer within twenty (20) days.