**UNITED STATES**

**v.**

**Ronald Louis MOUNSEY, 103 40 0445, Seaman Apprentice (E–2), U. S. Navy.**

**NMCM 80 0426.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 27 Nov. 1979.

Decided 11 March 1982.

LT Thomas P. Murphy, JAGC, USNR, Appellate Defense Counsel.

LCOL A. P. Tokarz, USMC, Appellate Government Counsel.

Before BAUM, Senior Judge, and KER-CHEVAL and MICHAEL, JJ.

MICHAEL, Judge:

On previous consideration, this Court granted appellant's request in Assignment of Error II and directed the preparation of a new post-trial review and the issuance of another convening authority action based on the new review. *United States v. Mounsey*, 10 M.J. 851 (N.M.C.M.R.1981). The new post-trial review has been accomplished and, on the basis thereof, the convening authority approved the sentence adjudged as previously modified by supplemental action. Before us once again, appellant reasserts Assignments of Error I and III from his original brief. The salient facts in this case follow.

Appellant claims dual citizenship in the United Kingdom and in the United States. He enlisted in the United States Navy on 12 February 1970 at the United States Embassy, London, England. Following basic training at Great Lakes, Illinois, he was assigned to radioman school at Naval Train-

ing Center, Bainbridge, Maryland. On 14 July 1970, he commenced a period of unauthorized absence from that command, and he was declared a deserter on 13 August 1970. According to his statement at trial, at the commencement of his absence he went to London, England, and resided in England thereafter.

On 19 April 1978, the Chief of Naval Personnel informed appellant by registered letter addressed to his home in England that, because of his prolonged unauthorized absence, he was "being considered for a discharge under Other than Honorable Conditions by reason of misconduct. . . ." The letter further advised appellant that, unless he submitted written objection to the Chief of Naval Personnel, "it is anticipated that you will be discharged approximately 45 days from the date of this letter. The discharge documents will be forwarded to you at the address indicated above." The registered-letter envelope carried on its face a request for a "return receipt." The appellant failed to return the requested receipt and took no further action. He did not receive any discharge documents and, in fact, a discharge was never issued by the Chief of Naval Personnel.

Appellant reentered the United States on 25 August 1979 while on a pleasure trip. Upon presentment of his United States passport, customs and immigration officials determined his deserter status, and he was apprehended. Seaman Apprentice Mounsey was tried by general court-martial, military judge alone, on a charge of desertion from 14 July 1970 to 25 August 1979 in violation of Article 85, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 885. He pleaded guilty to the lesser included offense of unauthorized absence in violation of Article 86, UCMJ, 10 U.S.C. § 886, terminating 3 June 1978. Appellant was found guilty in accordance with his pleas and was sentenced to a bad-conduct discharge, confinement at hard labor for nine months, forfeiture of all pay and allowances, and reduction to pay grade E–1. The convening authority approved the sentence as adjudged, but suspended confinement in excess of three months.

At trial, appellant moved for dismissal of the Charge on the basis of lack of personal jurisdiction, asserting that the Chief of Naval Personnel's letter caused him to believe that his military service terminated on 3 June 1978, that he reasonably relied on that belief to his detriment, and that the Government now is estopped to contend that he remains subject to court-martial jurisdiction. Appellant asserted, alternatively, that the letter constituted a constructive issuance and receipt of a discharge certificate. The military judge denied the motion. This claim of lack of personal jurisdiction is again raised in Assignment of Error I:

THE COURT–MARTIAL LACKED JURISDICTION OVER THE APPELLANT OR, ALTERNATIVELY, THE GOVERNMENT WAS ESTOPPED FROM EXERCISING ANY COURT–MARTIAL JURISDICTION OVER APPELLANT THAT MAY HAVE EXISTED.

It has long been recognized that enlistment in an Armed Force of the United States effects a change of personal status from civilian to that of a member of the Armed Forces and that court-martial jurisdiction over the person thereby attaches. *In re Grimley*, 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *United States v. Wheeley*, 6 M.J. 220 (C.M.A.1979); *United States v. Hout*, 19 U.S.C.M.A. 299, 41 C.M.R. 299 (1970). It is equally well settled that this status continues until terminated through separation action effected by means of discharge pursuant to competent orders, coupled with delivery of the certificate of discharge or other valid notice thereof. *United States v. Griffin*, 13 U.S.C.M.A. 213, 32 C.M.R. 213 (1962); *United States v. Leonard*, 19 U.S.C.M.A. 353, 41 C.M.R. 353 (1970).

█ The registered letter which appellant received from the Chief of Naval Personnel, advising him that he was being "considered" for an administrative discharge within 45 days of the date thereof, was not self-executing. It was unreason-

able for the accused to believe that further official action was not required. Additionally, appellant should have been on notice of his continued active-duty status when no discharge certificate or other papers were received later. Although an administrative discharge of the nature described was authorized under applicable regulations, the Chief of Naval Personnel was under no obligation to issue one. It is of no consequence that an administrative discharge would have been issued in due course had the appellant returned the registered-letter receipt to the Bureau of Naval Personnel.[1]

■ Appellant argues alternatively that, since a British letter carrier has no duty to obtain a registered-letter receipt signature pursuant to U. S. postal regulations, and since, by the terms of the Chief of Naval Personnel's letter, appellant's silence established acquiescence to the proposed administrative discharge, the Government is estopped from exercising any jurisdiction over him. We do not agree. Delivery of the letter in England beyond the reach of the United States Postal Service to enforce return of the receipt does not create misleading circumstances or constitute affirmative misconduct by the United States so as to give rise to any estoppel against the Government. *See Armstrong v. United States*, 516 F.Supp. 1252 (D.Colo.1981), and cases cited therein.[2]

Accordingly, Assignment of Error I is without merit.

### Assignment of Error III

AN UNSUSPENDED BAD–CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE ON THE FACTS OF THIS CASE DESPITE THE DURATION OF THE ASSERTED UNAUTHORIZED ABSENCE, PARTICULARLY

A. BECAUSE THE U. S. NAVY KNEW APPELLANT'S PRECISE LOCATION WHILE HE WAS ALLEGEDLY ABSENT BUT FAILED TO TAKE AVAILABLE STEPS TO TERMINATE HIS ABSENCE SOON AFTER IT COMMENCED; AND

B. BECAUSE THE U. S. NAVY, SINCE IT WAS PERFECTLY SATISFIED TO MAIL APPELLANT AN ADMINISTRATIVE DISCHARGE WHILE HE WAS ALLEGEDLY ABSENT, SHOULD BE ESTOPPED FROM ASSERTING THAT A PUNITIVE DISCHARGE THEREAFTER BECAME APPROPRIATE IN THE ABSENCE OF ANY ALLEGED MISCONDUCT OTHER THAN THE PURPORTED ABSENCE.

■ Considering, first, appellant's Assignment of Error III A., we reject the proposition that an unsuspended bad-conduct discharge is inappropriately severe for a prolonged unauthorized absence in a case where naval authorities knew of an accused's whereabouts but failed to apprehend him. Assuming, but not deciding, that effective means were available to the U. S. Navy to gain control over the appellant who was residing in the United Kingdom, it has long been held that military authorities have no duty to seek out an unauthorized absentee who remains at large, even if his whereabouts are known. As stated by the Court of Military Appeals in *United States v. Garner*, 7 U.S.C.M.A. 578, 582, 23 C.M.R. 42, 46 (1957):

In a number of cases, however, we have pointed out that the military's failure to pick up an unauthorized absentee, even though it knows of his whereabouts, does not change an unauthorized absence sta-

---

1. This fact was established by a stipulation of testimony between prosecution and defense. (R.47.)

2. As outlined above, appellant was found guilty, pursuant to his plea, of unauthorized absence from 14 July 1970 to 3 June 1978. He had been charged with desertion from 14 July 1970 to 25 August 1979. The termination date to which the appellant pleaded guilty is, in fact, 45 days from the date of the Chief of Naval Personnel's letter. The plea was a negotiated one contained in a pretrial agreement. Acceptance by the Government of this guilty plea to a lesser period of absence contained within the charged offense does not raise a bar against the Government on the basis that the letter in question constituted a constructive discharge. Court-martial jurisdiction will not be thus defeated.

tus into an authorized one, *United States v. Ferretti*, 1 U.S.C.M.A. 323, 3 C.M.R. 57; *United States v. Korzeniewski*, 7 U.S.C. M.A. 314, 22 C.M.R. 104.

The positive obligation to return to military control clearly rests on the unauthorized absentee. The Government is not obligated to seek him out. Instances where the accused resides at large within a civilian community, such as in this case, even though his whereabouts may be known, are plainly distinguishable from instances where military authorities fail to exercise effective control over an unauthorized absentee when he presents himself to military authorities with the intent to return to duty or instances where an absentee is held by civil authorities for ultimate delivery to the military. *See United States v. Rayle*, 6 M.J. 836 (N.C.M.R.1979), and cases cited therein at 838; *United States v. Loper*, 25 C.M.R. 778 (A.F.B.R.1957); *United States v. Garner, supra.*

Assignment of Error III B., is without merit.

Accordingly, the findings and sentence as approved on review below are affirmed.

Senior Judge BAUM and Judge KERCHEVAL concur.